William R. Keeler, Esq.
Keeler & Keeler, LLP
108 East Aztec Ave.
Gallup, New Mexico 87301
(T) 505-722-5608
(F) 505-722-5614
Attorneys for Plaintiffs
NM Bar # 9451

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROBERT LEE**         )
                       )
    Plaintiff,        )
                       )
vs.                    )
                       )
**THE UNITED STATES OF AMERICA,**   )   **Case No**.:_____
**DEPARTMENT OF INTERIOR, BUREAU**  )
**OF INDIAN AFFAIRS, PUEBLO**       )
**PINTADO COMMUNITY SCHOOL**        )
**JOHN DOES 1-10, and XYZ**         )
**CORPORATIONS 1-10**               )
    Defendants         )

## COMPLAINT FOR RECOVER DAMAGES FOR PERSONAL INJURIES ARISING UNDER THE FEDERAL TORT CLAIMS ACT PURSUANT TO 28 U.S.C. § 2671 ET SEQ.

Plaintiffs by and through his Attorneys, William R. Keeler, Esq. (Keeler & Keeler, LLP.) and for his complaint against the Defendants, United States of America, Department of Interior and Bureau of Indian Affairs, and Pueblo Pintado Community School and for his cause of action, states and alleges:

1. This is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (hereafter the "FTCA") for money damages for personal injuries to Robert Lee as a result of negligence at Pueblo Pintado Community School on or about February 9, 2013.

2. At all relevant times, Robert Lee, an unmarried man and a resident of Crownpoint, New Mexico.

3. Defendant The United States of America is a sovereign nation.

4. Defendant United States of America, the Department of the Interior ("DOI") and the Bureau of Indian Affairs ("BIA"), are all federal agencies, who are amenable to suit pursuant to the Federal Tort Clams Act ("FTCA").

5. At all relevant times, Defendant Pueblo Pintado Community School was under the control of the Department of Interior, Bureau of Indian Affairs and the United States of America.

6. Defendants XYZ Corporations 1-10 are fictitious names for corporations and/or businesses which may or may not exist, subject to the jurisdiction of this Court that may have negligently contributed to the injuries suffered by Mr. Lee.  Leave of this Court will be sought to amend the pleadings if, and when, the existence and names of these fictitious entities are discovered.

7. Defendants John Does 1 – 10 are individuals that may or may not exist, subject other the jurisdiction of this Court that may have negligently contributed to the injuries suffered by Mr. Lee whose names are presently unknown.  Plaintiff will seek leave of court to amend the Complaint when the true names of these Defendants have been ascertained.

8. This court has jurisdiction over the parties and subject matter Pursuant to 28 U.S.C. §1346 (b) and the Constitution of the United States.

9. All acts and omissions within the State of New Mexico, making the venue proper over the parties and claims for relief in the United States District Court for the District of New

Mexico 28 U.S.C. § 1391(e), and all events complained of herein occurred in the vicinity of Torreon, Sandoval County, New Mexico.

10. A federal form 95 asserting the claim of plaintiffs detailed herein was sent on the 18th day February, 2014 via certified mail to U.S. Department of Interior Assistant Solicitor, Navajo Regional Office BIA, and Bureau of Indian Affairs Eastern Navajo Agency. The Assistant Solicitor; the claim was denied by Patricia Reedy, Acting Regional Solicitor, through a letter dated 22 July, 2014.

11. A reconsideration letter with supported documentation was mailed certified mail to Patricia Reedy, Acting Regional Solicitor with return receipt requested on November 6, 2014.

12. A second denial letter was received on December 8, 2014.

13. Process may be served, pursuant to Fed. R. Civ. P. 4(i)(1) by (a) delivering a copy of the summons and complaint by registered or certified mail to the United States Attorney for the District of New Mexico Damon P. Martinez c/o Civil Process Clerk, whose address is P.O. Box 607, Albuquerque, New Mexico 87102, (b) by sending a copy of the summons and complaint by registered or certified mail to the Hon. Eric H. Holder, Jr. Attorney General of the United States Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001, (c) by sending a copy of the summons and complaint by registered or certified mail to the Hon. Ken Salazar, Secretary, United States Department of Interior, 1849 C. St. NW, Washington, DC 20240, (d) by sending a copy of the summons and complaint by registered or certified mail to the United States Department of the Interior, Office of the Solicitor, Southwest Regional Office, 505 Marquette Avenue NW, Suite 1800, Albuquerque, New Mexico 87102 (e) by sending a copy of the summons and complaint by registered or certified mail to Pueblo Pintado Community School, HCR 79 Box 80 Cuba, New Mexico 87013.

14. At all times material hereto, Defendant United States of America via the Department of Interior and/or the Bureau of Indian Affairs operated, managed and maintained Pueblo Pintado Community School.

15. On February 9, 2013 Plaintiff Robert Lee was attending a school sponsored function at Pueblo Pintado Community School.

16. As Robert Lee was walking through the Pueblo Pintado Community School parking lot to attend a school sponsored event when he slipped on ice and snow and fell.

17. Mr. Lee sustained serious injuries including, but not limited to, a distal femur fracture with displacement and right frozen shoulder.

18. The severities of Robert Lee's injuries have left him permanently disabled and he has been unable to return to work since the incident.

19. These injuries, and their sequelae, have required Mr. Lee to secure necessary medical treatment, and Mr. Lee, or subrogated parties, have had to incur the reasonable costs of that medical treatment and transportation, to and from the treatment facilities, and will continue to do so in the future.

20. Pueblo Pintado Community School holds itself open to the public and Pueblo Pintado Community School has a duty to exercise ordinary care to keep its premises, including the parking lot, safe for use by visitors such as Mr. Lee, whether or not a dangerous condition is obvious.

21. Pueblo Pintado Community School breached its duty to exercise ordinary care to keep its premises safe by failing to inspect the premises for the dangerous condition in its parking lot, failing to warn visitors such as Robert Lee of the hazardous conditions in its parking

lot, and failed to take the steps which would be necessary to make the parking area safe for visitors such as Mr. Lee.

22. As a direct and proximate cause of breach of duty by Pueblo Pintado Community School to use ordinary care to keep its premises safe, Mr. Lee sustained serious and permanent injuries and incurred medical bills as a result of the medical treatments for his injuries.

23. As a direct and proximate cause of Pueblo Pintado Community School's breach of duty to use ordinary care to keep its premises safe, Mr. Lee will continue to suffer from the injuries for the rest of his life.

WHEREFORE, Plaintiffs pray for judgment against all Defendants be awarded in an amount reasonable necessary to compensate the Mr. Lee's damages and injuries as follows:

1. For past and future compensable damages and costs;
2. Costs incurred by caregivers and for transportation to and from medical appointments;
3. For taxable cost as allowed;
4. Pain and suffering;
5. Medical costs;
6. Lost wages;
7. Loss of enjoyment of life;
8. General and special damages;
9. Attorney's fee and costs;
10. Other damages the Court deems proper

Respectfully Submitted,

*/s/ William R. Keeler*
William R. Keeler
Keeler & Keeler, LLP
108 East Aztec Ave.
Gallup, New Mexico 87301
(T) 505.722.5608
(F) 505.722.5614
Attorneys for Plaintiff